UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
                                    )
MICHELE FAITH et al.,               )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )
                                    )   Case No. 19-cv-11477-DJC
                                    )
BANK OF AMERICA, N.A., et al.,      )
                                    )
        Defendants.                 )
_____ )

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                          June 17, 2021

I.  Introduction

Plaintiffs Michele Faith, Michael Faith, Jacqueline Faith and Peter Faith (collectively, the "Faiths") have filed this lawsuit against Defendants Bank of America, N.A. ("BOA"), U.S. Bank National Association as Legal Title, for Truman 2016 SC6 Title Trust ("USBNA, Trustee"), U.S. Bank National Association ("USBNA"), Ocwen Loan Servicing, L.L.C. ("Ocwen"), Fay Servicing, L.L.C. ("Fay"), Silva Realty Group, Inc. ("Silva") and the City of New Bedford, Massachusetts ("New Bedford" or the "City") (collectively, "Defendants").  Currently before the Court are motions to dismiss, D. 69, by Ocwen, D. 70, by New Bedford, D. 74, by USBNA, Trustee, USBNA and Fay and by BOA, D. 78, along with a motion to amend the complaint by the Faiths, D. 95.  For the reasons stated below, the Court ALLOWS Defendants' motions to dismiss and DENIES Plaintiffs' motion to amend.

1

**II.     Standard of Review**

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (internal citation omitted). Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).[1]  First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein. Id. Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit. Id.  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the conduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011). In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." García-Catalán, 734 F.3d at 103. As is relevant here, the "affirmative defense of res judicata" can "be adjudicated on a motion to dismiss for failure to state a claim." In re Colonial Mortg. Bankers Corp. et. al v. Lopez-Stubbe et. al, 324 F.3d 12, 16 (1st Cir. 2003).

---

[1] Some of the motions cite Rule 12(b)(1) and Rule 12(b)(6) as the basis of dismissal given the overlap with the state court proceedings. See Massachusetts Delivery Ass'n v. Coakley, 671 F.3d 33, 40 n. 6 (1st Cir. 2012); Zenon v. Guzman, No. 16-cv-30129-MAP, 2017 WL 9249440, at *4 (D. Mass. Aug. 23, 2017). On a motion to dismiss under Rule 12(b)(1), the Court may weigh evidence and make its own factual determinations, unlike on a Rule 12(b)(6) motion. Massachusetts Delivery Ass'n, 671 F.3d at 40 n.6. The difference, however, is immaterial when the relevant facts are undisputed or a matter of public record. See id. The Court treats the pending motions as Rule 12(b)(6) motions, assuming the Faiths' well pled facts to be true along with the documents referenced or otherwise incorporated into the complaint and "consider[ing] matters that are susceptible to judicial notice." Rodi v. Southern New England School of Law, 389 F.3d 5, 12 (1st Cir. 2004). The Court, however, notes given the legal issues here, the outcome would be the same under Rule 12(b)(1).

### III. Factual Allegations

The Faiths have resided at 114 Hawthorn Street, New Bedford, Massachusetts (the "Property"). D. 1 at ¶ 8. The Faiths allege that Michele Faith holds legal title to the Property. Id. at ¶ 24. Michele Faith had a mortgage on the Property with Countrywide Bank. Id. at ¶ 21. The Faiths' claims stem from the allegedly improper foreclosure of the Property and eviction of the Faiths by USBNA, Trustee with the participation or involvement of the remaining Defendants either during the mortgage assignment process or during the foreclosure and eviction process. D. 1 at ¶¶ 11-36.

### IV. Procedural History

On November 2, 2018, USBNA filed an eviction notice against the Faiths in the Southeast Housing Court. The Faiths removed the eviction action to this Court. U.S. Bank Nat'l Assn. v. Faith et al., 1-19-cv-11577-DJC, D. 2. On September 6, 2019, this Court remanded the case to state court. Id., D. 18, 20. Back in Housing Court, the Faiths filed third-party counterclaims against BOA, Ocwen, Fay, USBNA and Silva (all also named in this lawsuit) for wrongful foreclosure, wrongful eviction, slander of title, unfair and deceptive trade practices, violation of Massachusetts Civil Rights Act ("MCRA"), violation of the Massachusetts Fair Debt Collection Practices Act, breach of contract, negligence, trespass, invasion of physical solitude and right to privacy, conversion and intentional infliction of emotional distress. D. 25-1 at 7, D. 25-2 at 3. On March 22, 2019, the Housing Court allowed the motions of BOA, Ocwen, USBNA and Fay and dismissed these counterclaims against them with prejudice. D. 25-1 at 9. On November 22, 2019, the Housing Court entered judgment in favor of USBNA, Trustee, as to its claims for possession of the Property and damages and on the Faiths' defenses and counterclaims related to the foreclosure, title and possession of the Property. D. 75-7. BOA, Ocwen, USBNA, Fay and

USBNA, Trustee now rely on the Housing Court's judgment as a basis for their *res judicata* arguments.

On July 8, 2019, the Faiths filed suit in this case against BOA, USBNA, Trustee, USBNA, Fay, Ocwen, Silva and New Bedford.  D. 1.  BOA, USBNA, Trustee, USBNA, Fay, Ocwen and New Bedford filed initial motions to dismiss.  D. 19, 20, 24, 28. On January 16, 2020, this Court dismissed the initial motions to dismiss without prejudice to stay pending final judgment from the Housing Court. D. 53, which later was entered on July 28, 2020 (*nunc pro tunc* to January 16, 2020).  D. 79-13.  On October 7, 2020, this Court struck the Faith's amended complaint, D. 84.  D. 90.  Defendants have now renewed their motions to dismiss the original complaint.  D. 69, 70, 74 and 78.  The Faiths have also moved to amend the complaint, D. 95.  The Court heard the parties on the pending motions and took the motions under advisement.  D. 109.

## V.   Discussion

Except for New Bedford, Defendants' primary ground for dismissal is that the claims are barred by *res judicata* so the Court turns to this matter first.  *Res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). "Federal courts must give preclusive effect to state court judgments in accordance with state law." SBT Holdings, LLC v. Town of Westminster, 547 F.3d 28, 36 (1st Cir. 2008) (internal quotation marks and citation omitted).  Under Massachusetts law, to invoke *res judicata* or claim preclusion here, there must be:  "(1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause[s] of action; and (3) prior final judgment on the merits." Kobrin v. Bd. of Registration in Medicine, 444 Mass. 837, 843 (2005) (internal quotation marks and citations omitted); McDonough v. City of Quincy, 452 F.3d 8, 16 (1st Cir. 2006).  When assessing the

second element of claim preclusion, Massachusetts courts find causes of action to be "identical if they 'derive [ ] from the same transaction or series of connected transactions.'" McDonough, 452 F.3d at 16 (quoting TLT Const. Corp. v. A. Anthony Tappe & Assocs., 48 Mass. App. Ct. 1, 8 (1999)). Accordingly, "a particular legal theory not pressed in the original suit will nonetheless be precluded in the subsequent one if it prescinds from the same set of operative facts." Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1166 (1st Cir. 1991).

### A.   Ocwen

The Faiths alleged in Housing Court that Ocwen, along with the other Defendants (except New Bedford), took part in the improper foreclosure or wrongful eviction of the Property. D. 69-3 ¶ 106. They allege same in the complaint here, D. 1 ¶ 138. Counts I (wrongful foreclosure), II (wrongful eviction), III (slander of title) here were alleged in the Faiths' third-party counterclaims against USBNA, BOA, Ocwen, Fay, USBNA, Trustee and Silva, while the rest are "substantially similar" in language but practically the same. D. 69-3 at 31-40. The final judgment in the Housing Court precludes such claims here. Here, the claims here and counterclaims there reflect the common nucleus that joins the Faiths' state claim to the present action before this Court.

Further, to the extent that the Faiths' contend that the complaint here adds claims and allegations not alleged in Housing Court such as breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment, the same are similarly barred by *res judicata* as they could have been brought forth in the state court action. Pisnoy v. Ahmed, 499 F.3d 47, 56-57 (1st Cir. 2007).

The Faiths contend that because the Housing Court's judgment is on appeal, the present case before this Court should be stayed because the judgment there is "not final until the [a]ppeal is heard and resolved." D. 76 at 3. The pendency of appeal, however, does not affect the finality

of an appealed judgment for purposes of *res judicata*. See O'Brien v. Hanover Ins. Co., 427 Mass. 194, 201 (1998) (noting "trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal"); Commonwealth v. Hernandez, 481 Mass. 582, 595 (2019) (same). As such, this Court must find that all claims brought against Ocwen are barred by *res judicata* and dismissed with prejudice. See Strunk v. City of Beverly Police Department, 377 F. Supp. 3d 70, 73 (D. Mass. 2019) (applying res judicata to Massachusetts judgment pending appeal).

Even assuming *arguendo*, that any claims against Ocwen are not barred by *res judicata*, they are either time barred or fail to state a claim upon which relief can be granted. First, Ocwen contends that most claims against it are time-barred. "Affirmative defenses, such as statute of limitations, may be raised in a motion to dismiss under [Fed. R. Civ. P.] 12(b)(6), provided that the facts establishing the defense are clear on the face of the plaintiff's pleadings." Santana-Castro v. Toledo-Davila, 579 F.3d 109, 113-14 (1st Cir. 2009) (internal quotation marks and citations omitted). Massachusetts law provides that "actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues." Mass. Gen. L. c. 260, § 2A. As to Count I, wrongful foreclosure, Ocwen transitioned from servicing the Faiths' loan on June 25, 2015, D. 1 ¶ 70, approximately four years before the complaint was filed. As such, the Faiths' claim for wrongful foreclosure or eviction and slander of title against Ocwen is barred by the three-year statute of limitations. See In re Kalesnik, 571 B.R. 491, 498 (Bankr. D. Mass. 2017) (noting that wrongful eviction, conversion and intentional infliction of emotional distress as torts are subject to three-year statute of limitations); Anderson v. Watertown Sav. Bank, 2008 U.S. Dist. LEXIS 40060, at *8-9 (D. Mass. May 12, 2018) (applying a three-year statute of limitations in action challenging eviction).

The other tort claims, Counts XI (negligence) and XXI (intentional infliction of emotional distress), are similarly time-barred.

The Faiths also assert claims for unfair and deceptive trade practices in violation of Mass. Gen. L. c. 93 A (Count IV) as well as violation of the Massachusetts Fair Debt Collection Practices Act (Count VII). Both claims are subject to a four-year limitations period. Mass. Gen. L. c. 260 § 5A; O'Brien v. Deutsche Bank Nat'l Trust Co., 948 F.3d 31, 35-36 (1st Cir. 2020). As aforementioned, the complaint was filed over four years after Ocwen stopped servicing the Faiths' loan.[2]

The Faiths also assert claims for breach of contract (Count VIII), breach of the implied covenant of good faith and fair dealing (Count IX) and unjust enrichment (Count X) against Ocwen. To state a claim for breach of contract under Massachusetts law, a plaintiff must allege that "a valid, binding contract existed, the defendant breached the terms of the contract and the plaintiff sustained damages as a result of the breach." Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 232 (1st Cir. 2013) (citations omitted). As pled, the allegations in the complaint allege that Defendants "breached terms of the original mortgage contract" without alleging what specific contract it entered with Ocwen (which was not a party to the mortgage), if and how Ocwen specifically breached the terms of same and the damages suffered by the Faiths as a result. D. 1 ¶ 194. In the absence of such allegations, the Faiths have not plausibly alleged a breach of contract claim against Ocwen.

The "covenant of good faith and fair dealing is 'implicit in all Massachusetts contracts.'" Artuso v. Vertex Pharms., Inc., 637 F.3d 1, 8 (1st Cir. 2011) (quoting Harrison v. NetCentric Corp.,

---

[2]Given the conclusion that these claims are time-barred, the Court need not reach Ocwen's alternative argument that these claims also fail to state a claim upon which relief may be granted.

433 Mass. 465, 473 (2001)). A plaintiff has the burden of alleging lack of good faith, which may be inferred from the totality of the circumstances. See T.W. Nickerson, Inc. v. Fleet Nat'l Bank, 456 Mass. 562, 570 (2010). Other than asserting in conclusory fashion that Ocwen did not "act in good faith and did not deal fairly with" Michele Faith in connection with the note, mortgage and foreclosure proceedings, D. 1 ¶¶ 201, 203, the complaint does not provide factual allegations to provide a plausible basis for this claim against Ocwen.

The Faiths' claim for unjust enrichment against Ocwen fails for similar reasons. To assert a claim for unjust enrichment, the Faiths must sufficiently allege that the defendants knowingly received a benefit at their expense under circumstances that would make retention of same unjust. Frappier v. Countrywide Home Loans, Inc., 645 F.3d 51, 58 (1st Cir. 2011). Here, the Faiths baldly assert that Defendants have been "unjustly enriched," D. 1 at ¶ 206, without providing a factual basis for such claim against Ocwen. Accordingly, this Court must also dismiss Count X.

For these reasons, the Court dismisses the claims against Ocwen.

### B. USBNA, Fay, USBNA, Trustee

These three Defendants also assert that the claims brought against them should be dismissed pursuant to *res judicata*. The Housing Court dismissed third-party claims brought against USBNA and Fay which are the same or substantially as the ones re-pleaded in the complaint, D.1. D. 76-2. Here, as with Ocwen, the Faiths have had a chance to fully litigate the claims against USBNA and Fay before this Court in an earlier action with identical parties that has reached a final judgment. Where the Housing Court allowed a motion for judgment on the pleadings in favor of these Defendants, it serves as a final judgment on the merits for *res judicata* purposes. See, e.g., Moniz v. Hall, No. 09-cv-11645-JGD, 2011 WL 487833, at *2, *5 (D. Mass. Feb. 7, 2011). The same is true as to USBNA, Trustee. The Housing Court entered judgment in

its favor as to its claims for possession of the Property and damages as well as to the Faiths' defenses and counterclaims that related to foreclosure, title and possession.  D. 75-7 at 11-12.  As such, res judicata bars the claims asserted here that relate to the same claims and issues.  D. 75 at 11.  Accordingly, this Court cannot conclude that the Faiths' claims against USBNA, USBNA, Trustee or Fay survive Defendants' motion to dismiss as they are similarly barred by *res judicata*.[3]

### C.   BOA

As addressed above, *res judicata* also bars the Faiths' claims against BOA.  The Faiths previously asserted claims against BOA for wrongful foreclosure, wrongful eviction, slander of title, violation of Chapter 93A, violation of the MCRA, violation of the Massachusetts Fair Debt Collection Practices Act, breach of contract, negligence, trespass, invasion of physical solitude and right to privacy, conversion and intentional infliction of emotional distress and the Housing Court dismissed their claims with prejudice.  D. 79-8.  In this action, the Faiths alleged the same claims plus two additional claims:  unjust enrichment and breach of the implied covenant of good faith and fair dealing.  These new claims, however, are also barred as they arise from the same nucleus of operative facts and could have been initially raised by the Faiths in their first action.

Even if the Faiths' claims against BOA were not barred by *res judicata*, they still fail pursuant to Fed. R. Civ. P. 12(b)(6).  First, both Count I (wrongful foreclosure) and Count II (wrongful eviction) are subject to dismissal as BOA "did not hold any interest in the Mortgage, the Property, or the Loan when [USBNA] as a record mortgagee foreclosed on the Property."  D. 79 at 14, D. 1 ¶¶ 34-36.  The Faiths cannot plausibly allege that BOA had any role in the foreclosure or eviction.  D. 79-3, D. 79-4.

---

[3] In light of this ruling, the Court need not reach the alternative ground for dismissal by USBNA, Trustee, Fay and USBNA that this Court should also not exercise supplemental jurisdiction where the state claims against them predominate.

The Faiths also fail to plead a claim for slander of title against BOA (Count IV).  Slander of title constitutes "a false and malicious statement, oral or written, made in disparagement of a person's title to real property, causing him injury."  Rosa v. Mortgage Electronic Systems, Inc., 821 F. Supp. 2d 423, 434 (D. Mass. 2011) (internal quotation marks and citations omitted).  To plead slander of title, the Faiths must allege "that the statements made were false or that the publisher of the statement acted in reckless disregard of the truth in publishing the statement and the publication of the statement resulted in a pecuniary loss."  Id.  As discussed above, claims for slander of title are also subject to a three-year statute of limitations.  Mass. Gen. L. c. 260 § 2A.  Even if the claim was not subject to dismissal for untimeliness, the Faiths' claim for slander of title fails as the complaint does not allege that BOA "made a false and malicious statement in reckless disregard of its truth," D. 79 at 16, nor does it allege that BOA published same resulting in a pecuniary loss to the Faiths.

Count IV alleges a chapter 93A claim that is also time-barred given the fact that BOA stopped servicing the Faith's loan in 2012, D. 79-4, and this claim is subject to a four-year statute of limitations.  Similarly, Count VII, a claim for violation of chapter 93 § 49, is also subject to the four-year statute of limitations under Mass. Gen. L. c. 260 § 5A, and also is time-barred.

Nor do the Faiths plausibly allege a claim for breach of contract against BOA.  The allegations in the complaint do not allege that 1) BOA and the Faiths entered into a contract, 2) that BOA later breached the terms of same and that the breach resulted in harm, see D. 1 ¶¶ 189-197, essential elements of any breach of contract claim.  The Faiths' claim for breach of implied covenant of good faith and fair dealing also fails.  The complaint alleges that BOA did not act in good faith with regards to "foreclosure procedures" and by "driving [the Faiths] into foreclosure," D. 1 ¶ 202, as well as by executing an assignment of the mortgage, Id. at ¶ 203.  As aforementioned,

10

BOA played no role in the foreclosure or eviction and the Faiths' allegations fail to illustrate how and why BOA "drove" them to foreclosure or how any assignment here of the mortgage, even as alleged, could constitute a violation of the implied covenant of good faith and fair dealing.

Count X for unjust enrichment is subject to dismissal for the reasons stated above regarding the same claim asserted against Ocwen.

The Faiths' negligence claim, Count XI, fails on the first element as BOA has no legal duty to them.  See Santos v. U.S. Bank Nat'l Ass'n, 89 Mass. App. Ct. 687, 700-01 (2016) (noting that "[i]n general, the relationship between a borrower and a lender does not give rise to a duty of care under Massachusetts law").  As such, the Faiths have not plausibly asserted a claim for negligence.

Finally, the Faiths fail to plausibly state a claim against BOA for intentional infliction of emotional distress (Count XXI).  To state such a claim, a plaintiff must show "(1) that the defendant intended to cause, or should have known that his conduct would cause, emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct caused the plaintiff's distress; and (4) that the plaintiff suffered severe distress."  Sena v. Commonwealth, 417 Mass. 250, 263-64 (1994).  "To be considered extreme and outrageous, [BOA's] conduct must be beyond all bounds of decency and . . . utterly intolerable in a civilized community."  Sena, 417 Mass. 250 at 264 (citation omitted).  Such claim is subject to a three-year statute of limitations pursuant to Mass. Gen. L. c. 260 § 2A.  Aside from being time barred, this claim fails as the complaint does not allege conduct by BOA that was "extreme and outrageous" as is necessary for a claim of for intentional infliction of emotional distress.

Accordingly, the Court dismisses the claims against BOA.[4]

---

[4] Given this ruling, the Court need not reach any other grounds for dismissal proffered by BOA.

   D.     **New Bedford**

The Faiths assert claims for violation of 42 U.S.C. § 1983 and the MCRA against New Bedford.  Specifically, the Faiths allege that the City violated their Fourth and Fourteenth Amendment rights when it entered the Property on October 15, 2018 and took photographs of it pursuant to a court-issued inspection of entry warrant.  D. 1 ¶ 155.  The Faiths also asserts negligence, trespass and invasion of privacy as a basis of their § 1983 claim for the City entering the Property pursuant to the inspection of entry warrant.

New Bedford argues that the Faiths do not have standing to assert these claims because at the time of the City's request and execution of the warrant, the Faiths were not the record title holders of the Property.  After the foreclosure auction on May 29, 2018, USBNA, having obtained title to the Property, recorded a foreclosure deed documenting that it had obtained title to the Property.  D. 71-1.  As such, as of July 9, 2018, USBNA was the record owner of the Property, and New Bedford contends that, as such, the Faiths lacked standing to assert claims against New Bedford arising out of the entry into the Property in October 2018.  The Faiths counter that they have standing as they were still occupying the Property and still had all personal belongings on the Property, as well as utilities in their name.  D. 80 at 2.

Even assuming the Faiths had standing, Faiths still fail to state a claim against New Bedford for violations of 42 U.S.C. § 1983 or the MCRA.  "To prevail on a section 1983 claim against a municipality, a plaintiff must show that a specific government policy or custom directly caused a violation of the plaintiff's constitutional rights."  Am. Honda Fin. Corp. v. City of Revere, 471 F. Supp. 3d 399, 404 (D. Mass. 2020); Miller v. City of Boston, 586 F. Supp. 2d 5, 7–8 (D. Mass. 2008) (citing Monell v. Dept. of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978)).  Such policies include "practices so persistent and widespread as to practically have the force of

law."  Connick v. Thompson, 563 U.S. 51, 55 (2011) (citing Monell, 436 U.S. at 691).  Here, the complaint is silent regarding allegations concerning government policy or custom that subjected the Faiths to a deprivation of their Fourth and Fourteenth Amendment rights.  To the extent that their § 1983 claim relies upon alleged violations of state law (here, claims of negligence, trespass and invasion of privacy), such predicates are insufficient since a plaintiff must "demonstrate that the defendant deprived [them] of a [f]ederal constitutional or statutory right while acting under color of State law."  Gutierrez v. Massachusetts Bay Transp. Auth., 437 Mass. 396, 401 (2002).

The Faiths' claim against New Bedford for violation of the MCRA also fails.  Massachusetts law provides that a municipality cannot be sued under the MCRA.  Kelly v. LaForce, 288 F.3d 1, 11 n. 9 (1st Cir. 2002) (citing Howcroft v. City of Peabody, 51 Mass. App. Ct. 573 (2001) (noting that a municipality is not a "person" under the terms of the MCRA).

For these reasons, the Court dismisses the claims against New Bedford.

E. **The Faiths' Motion to Amend**

The Faiths move to amend the complaint, claiming that the amended complaint "has only minor changes as to the City of New Bedford," namely "adding parties who are agents" of the City that are "also liable to the Faiths."  D. 95 at 3-4.  Under Fed. R. Civ. P. 15(a), leave to amend prior to trial will be "freely" given "when justice so requires."  This, however, "does not mean that leave will be granted in all cases."  Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 51 (1st Cir. 1998) (quotations omitted).  "The leave sought should be granted unless the amendment would be futile or reward undue delay."  Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009).  Further, "a proffered amendment is futile if it fails to state a claim upon which relief may be granted."  Smith, 732 F.3d at 75; See Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006).

The Faiths contend that Defendants are not prejudiced by the proposed amended complaint "as there are only a few minor changes not outside of the pleadings relating to the City of New Bedford and its agents." D. 95 at 2. As the Defendants, however, correctly point out, allowing leave to file the proposed amended complaint would be futile as it "cannot overcome the application of *res judicata*." D. 102 at 5; see Snyder v. Collura, 812 F.3d 46, 51-52 (1st Cir. 2016) (affirming denial of leave to amend where "[t]he proposed amendment did not contain new facts," but rather "simply served as an alternative vehicle arguing that [plaintiff] should be able to recast his claims at what would otherwise be the end of the case").

The amended complaint is substantially similar to the operative complaint and given that this Court has found that the complaint, D.1, fails to state a claim upon which relief can be granted for the reasons explained above, amending same as proposed by the Faiths is futile. Accordingly, this Court denies the Faiths' motion to amend.

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS Defendants' motions to dismiss, D. 69, D. 70, D. 74, D.78 and DENIES Plaintiff's motion to amend, D. 95.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge